BAKER, Judge,
concurring.
I agree with the majority that the issue of spousal maintenance could not be revisited once the trial court entered the final dissolution decree. However, I write separately to explain how the trial court’s intent could have been properly effected.
Here, in the May 2011 decree, the trial court noted that Wife “obtained a degree in Occupational Leadership.” Appellant’s App. p. 39. The trial court also noted that Wife had not attempted to secure other employment and seemed dismissive of testimony that Wife could not find work that she could perform on a regular basis. Id. at 39-40. Therefore, I believe that the trial court attempted to reserve its right to reevaluate maintenance upon a determination by the Social Security Administration that Wife was disabled because it wanted access to the amount that Wife would receive in monthly benefits.
In the trial court’s order on Wife’s petition for maintenance, it ordered that Wife’s weekly Social Security disability payments of $425 be used as her weekly income for child support calculations. Id. at 11. Additionally, the trial court found that Wife was only entitled to three years of rehabilitative maintenance. Id.
Taking the decree and subsequent order together, it appears that rehabilitative maintenance is what the trial court continuously intended. That said, the better approach would have been for the trial court to have continued the May 2011 hearing until after there was a determina *969 tion regarding Wife’s Social Security disability payments. I believe that the trial court attempted to reserve its rights to reevaluate maintenance upon a determination by the Social Security Administration because it wanted to know the amount that Wife would receive in monthly benefits. However, as the majority points out, the trial court forfeited such a reservation by entering the final decree when it did. Thus, while I concur with the majority, I write separately to discourage similar situations in the future.